972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Plaintiff Appellee,
v.
Juan Jose ARRIAGA, also known as Johnny Arriaga, Defendant Appellant.
 No. 91-2478.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 10, 1992.
Filed: July 17, 1992.
 
 Before JOHN R. GIBSON, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Juan Jose Arriaga appeals the 144-month sentence imposed by the district court[1] after he pleaded guilty to eight counts of drug trafficking, money laundering, and firearm offenses. Arriaga contends that he was denied due process in the plea bargaining and sentencing processes. We affirm.
 
 
 2
 Arriaga was charged in an eleven count indictment along with his common-law wife, a juvenile; Aurelio Cortez, his confederate; and Thomas Dale Peterson, a cocaine "street dealer" who purchased cocaine from Arriaga and Cortez. After pleading guilty, Arriaga testified at Cortez's trial that Cortez was an "innocent man" and that the juvenile did not understand the drug and money laundering offenses that occurred. The trial ended in a hung jury, but Cortez then pleaded guilty to two drug and one firearm offenses. The juvenile pleaded guilty to a juvenile offense. Peterson pleaded guilty to one drug count and testified for the government at Cortez's trial.
 
 
 3
 The juvenile was given a suspended sentence with probation until her twenty-first birthday. Peterson was sentenced to eighteen months in prison and three years of supervised release. Cortez was sentenced to sixty months in prison and six years of supervised release. Arriaga's 144-month sentence was near the bottom of his Guidelines range for the drug offenses but included a mandatory five-year consecutive sentence for the firearm offense.
 
 
 4
 Following Arriaga's sentencing, he filed a pro se notice of appeal. His trial counsel then submitted an Anders brief and was permitted to withdraw. We appointed substitute counsel who argues, first, that there was impermissible disparity in the sentences that the district court gave Cortez, Peterson, and the juvenile, as opposed to Arriaga; and second, that the plea bargaining process was unfair because the government would not offer Arriaga a favorable bargain before Cortez's trial unless either Cortez pleaded guilty or Arriaga testified against Cortez.
 
 
 5
 After carefully reviewing the record, we conclude that Arriaga's contentions are without merit. Arriaga entered a voluntary plea of guilty and admitted committing the offenses charged. The plea was not induced by improper threats, misrepresentations, or promises by the prosecutor and therefore waived Arriaga's objections to the negotiating process. See Mabry v. Johnson, 467 U.S. 504, 509-11 (1984). Arriaga's claim of sentence disparity is inconsistent with his testimony at Cortez's trial that Cortez and the juvenile were innocent. Therefore, the district court did not abuse its discretion in imposing a sentence within the Guidelines range. See United States v. Keene, 915 F.2d 1164, 1170-71 (8th Cir. 1990), cert. denied, 111 S. Ct. 1001 (1991).
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE HARRY H. MacLAUGHLIN, United States District Judge for the District of Minnesota